ELLINGTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-087-CR

SAMMY LEE ELLINGTON APPELLANT

A/K/A SAMMY L. ELLINGTON

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Sammy Lee Ellington a/k/a Sammy L. Ellington appeals from his conviction for possession of a firearm by a felon.  A jury found him guilty and assessed his punishment at nine years’ imprisonment and a $10,000 fine.  The trial court sentenced him accordingly.  In one issue, Appellant contends that the trial court erred by overruling his objection to unresponsive testimony of Officer Ryan Olson.

Factual and Procedural Background

While he was on duty on May 26, 2003, Officer Olson received a dispatch call regarding an incident at the Jack in the Box restaurant located at the intersection of Division and Cooper Streets in Arlington, Texas.  An employee working the drive-though window of the restaurant heard arguing coming from a car placing an order, which carried three males and one female.  He also noticed a partially concealed gun lying between the front seats of the car.

When Officer Olson responded to the dispatch, he told the passengers to put their hands in the air.  According to Officer Olson, Appellant did not put his hands in the air, and he saw Appellant shift his body downward towards the floorboard of the car.  After Appellant and all of the passengers had exited the car, Officer Olson and other officers responding to the call found a loaded gun near the front of the driver’s seat.

Sole Issue

In one issue, Appellant asserts that the trial court improperly admitted an unresponsive answer made by Officer Olson during his direct examination by the State.  Appellant further contends that the admission of the answer was harmful because it deprived Appellant of his right to be tried only on the charge presented against him.  

The standard of review for a trial court’s ruling under the rules of evidence is abuse of discretion.  
Sauceda v. State
, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).  The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court’s action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that the trial court may decide a matter within its discretionary authority differently than an appellate court does not warrant reversal of a trial court’s ruling on admission or exclusion of evidence as long as the ruling is within the zone of reasonable disagreement.  
See Robbins v. State
, 88 S.W.3d 256, 259-60 (Tex. Crim. App. 2002).

The testimony at issue occurred as follows:

Q. Tell the jury what is going on inside the car.

A. The back two passengers are listening to my commands keeping their hands in the air where I could see them, and the black male driver was not.

Q. What was he doing?

A. He had -- if I can demonstrate?

[STATE]: Permission to demonstrate?

THE COURT: He may.

Q. Do you want to do something with the chair?

A. With my hands basically just to show.

Q. Was the person standing up or sitting --

A. Sitting in the vehicle.

Q. Show the jury.

A. If I were the driver of the vehicle, the subject that was possibly armed, all other occupants were keeping their arms as I stated.  The black female was already out of the vehicle.  The driver, when I told him to put his hands up disobeyed my command, and he mouthed some belligerent statements --

[DEFENSE COUNSEL]: Objection, nonresponsive.

THE COURT: Overruled.

According to the State, the prosecutor asked Officer Olson to describe what Appellant was doing in the car, and when taken in context, Olson’s general response is a fair description of what Appellant was doing in the car.  We agree.  The appellate court’s role is limited to determining whether the record supports the trial court’s ruling.  
Coffin v. State
, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).  We hold that the trial court’s ruling was not so clearly wrong as to lie outside the zone within which reasonable persons might disagree.  
See Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).  Appellant’s sole issue is overruled.

Conclusion

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 9, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.